WILFRED SCHADE & CO. v. UNITED STATES.

(Circuit Court, E. D. Missouri, E. D.　September 17, 1906.)

No. 5,158 (1,717).

CUSTOMS DUTIES—CLASSIFICATION—COTTON CLOTH OF IRREGULAR TEXTURE.

The fact that substantial numbers of the warp threads and of the filling threads are absent in fancy fabrics of the openwork variety does not remove the goods from the provision for "all cotton cloth not exceeding one hundred threads to the square inch counting the warp and filling," in Tariff Act July 24, 1897. c. 11 § 1, Schedule J, par. 305, 30 Stat. 175 [U. S. Comp. St. 1901, p. 1656].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below related to an importation of fancy cloth of the openwork variety at the port of St. Louis, which was classified as imitation laces, under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181

[U. S. Comp. St. 1901, p. 1662]. The importers contended that the goods should have been classified under the provision for "all cotton cloth not exceeding one hundred threads to the square inch counting the warp and filling," in Schedule J, par. 305, 30 Stat. 175 [U. S. Comp. St. 1901, p. 1656]. The Board was of opinion that, because a substantial number of the warp threads were missing in parts of the fabrics, and of the filling threads in other parts, the goods were not susceptible of count of threads by any practicable means, and on the authority of a former decision (G. A. 5,928 [T. D. 26,062]) overruled the importers' contention.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

David P. Dyer, U. S. Atty.

FINKELNBURG, District Judge. Since the decision of the Board of General Appraisers in this case, the question involved has been decided adversely by the Circuit Court of Appeals for the Second Circuit. See U. S. v. Ulmann (C. C. A.) 139 Fed. 3. As this last decision is by the court of the circuit which has the chief port of entry of this country under its jurisdiction, and hence great experience in matters of this kind, I feel that I ought to follow it, more especially as it is based on the reasoning of an analogous decision of the Supreme Court. See Hedden v. Robertson, 151 U. S. 520, 14 Sup. Ct. 434, 38 L. Ed. 257.

The decision of the Board will therefore be reversed